## Case No. 14,060.

### The TITAN.

#### [8 Ben. 7.] 1

District Court. E. D. New York. Jan., 1875.

COLLISION—AT PIER—FASTENINGS.

1. A steam tug, with a boat alongside, was intending to take her out of a slip in which they were. The tide pressed the tug against the side of a canal boat, which was lying fastened to the side of the pier. The captain of the tug told the captain of the canal boat to get out more fastenings to the wharf, lest, when the tug started, the canal boat should be carried away from the pier, but the captain of the canal boat did not do so. When the tug started, the pressure of her by the tide against the canal boat carried the latter away from the pier, breaking the fastenings, which were otherwise sufficient to hold her, and carrying her against another vessel, from which collision she received injury. Her owner filed a libel against the tug, to recover the damage. Held, that the canal boat was not bound to get out the extra fastening.

2. If the tug was so pressed against the canal boat,. she ought not to have started her engines till she had pushed herself away from the canal boat, as she could have done, and she was liable for the damage.

In admiralty.

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Beebe, Wilcox & Hobbs, for libellant.
A. W. Hall, for claimants.

BENEDICT, District Judge. This action is brought by the owner of the canal boat Agnes, to recover damages occasioned to that boat while lying moored on the south side of the pier, at the foot of 24th street, in the North river.

The libel alleges that the Titan, as she was entering the slip, carelessly came in contact with the canal boat. The answer alleges that the Titan at no time came in contact with the canal boat, but that the damages complained of arose from the fact that the canal boat was so improperly fastened, that she went adrift, as the Titan was going out of the slip, by the force of the ordinary current attendant upon a passing vessel, and, while so adrift, was injured if at all by coming in contact with another vessel near by.

The evidence in the case shows, conclusively, that the Titan did come in contact with the canal boat, although it is not certain that any injury was caused by the first contact; and the circumstances as proved by the claimants show the Titan in fault. The claimants' evidence shows that the Titan came alongside, and in contact with this boat, then moored at a pier where she had a right to be; that while the boats were so in contact, the Titan put her engines in motion to go out of the slip with a boat she had taken alongside; and that the pressure of the tide held the Titan against the canal boat so firmly, that when she moved she took the canal boat with her, breaking the line which fastened the canal boat to the inside boat, and thus placing the boat adrift.

The master of the Titan admits that he anticipated this result, and, before he moved, vainly endeavored to persuade the master of the canal boat to strengthen his fastenings; and he now claims that the omission of the canal boat to put out more lines when requested, absolves the tug from all responsibility. But the canal boat was under no obligation to be so fastened as to withstand the action of the Titan under such circumstances. She was sufficiently fastened to hold herself against any tide or any current which the Titan might make in the slip, and she was not bound to do more. It was the duty of the tug, when she found herself held by the tide so firmly in contact with the canal boat, to have pushed herself clear before setting her engines in motion. This I judge she could have easily done, but, if not, then she was in fault for placing herself in such a position in respect to the canal boat. The decree must be for the libellant, with a reference to ascertain the damages.